HYDROX ICE CREAM CO., INC., Plaintiff, *v.* " JOHN DOE " and Another, Names Fictitious, True Names Unknown to Plaintiff, Parties Intended Being President and Treasurer of the New York Sign Painters Local Union No. 230 and Others, Defendants.

Supreme Court, Special Term, Queens County, June 4, 1936.

*Shirley Kahn,* for the plaintiff.

*Louis Waldman* [*David I. Ashe* of counsel], for the defendants.

LOCKWOOD, J. The plaintiff seeks a temporary injunction restraining defendants from picketing the places of business of plaintiff's customers.

The plaintiff manufactures, sells and distributes ice cream. It supplies its customers, retail storekeepers, with signs advertising the plaintiff's product. Such signs are manufactured by the sign department of the Breyer Ice Co., Inc., delivered and hung by Breyer employees at the places designated by the plaintiff. Both the Breyer Ice Cream Co., Inc., and the plaintiff are wholly owned subsidiaries of the National Dairy Products Corporation. The president of the plaintiff corporation is president of the Breyer Ice Cream Co., Inc., and the vice-president and treasurer of the Breyer Ice Cream Co., Inc., is also the vice-president of the plaintiff. Neither Hydrox Ice Cream Co., Inc., nor Breyer Ice Cream Co., Inc., issue separate financial statements, as their assets and liabilities are included in the general balance sheet of the parent company (Exhibits A and B attached to affidavits in opposition to motion).

The defendants contend that the application for an injunction should be denied and the complaint dismissed in that it does not comply with section 876-a of the Civil Practice Act.

The plaintiff claims it need not comply with that section since this is not a case " involving or growing out of a labor dispute."

On the facts here presented, the court is of the opinion that under subdivision 10 of section 876-a of the Civil Practice Act, this is a case involving or growing out of a labor dispute and the plaintiff must, therefore, comply with this section.

Application for temporary injunction denied without prejudice. Motion to dismiss complaint granted, with leave to the plaintiff to serve an amended complaint if it be so advised.