BENT STEEL SECTIONS, INC., Plaintiff, *v.* JOHN DOE, as President, etc., and Others, Defendants.

Supreme Court, Special Term, Queens County, February 10, 1939.

*John Windsor*, for the plaintiff.

*Harold Stern* [*George Rosling* of counsel], for the defendants.

DALY, J. The plaintiff moves for a temporary injunction against the defendant labor union and its officials, to restrain the picketing of its shop, and other acts incidental and in addition thereto. The defendants, by cross-motion, seek the dismissal of the complaint for legal insufficiency.

The plaintiff is engaged in the business of manufacturing steel products at its plant in Long Island City. The defendants are attempting to unionize such shop and are picketing the premises in furtherance of that object. Plaintiff objects to all picketing because it contends no labor dispute exists; its relations with its employees are harmonious, and they are said not to desire to join the defendant union. Moreover, the plaintiff charges that the defendants are picketing in an unlawful manner, interfering with delivery trucks, carrying signs bearing misrepresentations, and conducting an illegal boycott by coercing customers and patrons of the plaintiff.

While some of the acts about which plaintiff complains may be found unlawful, nevertheless this case in my opinion grows

out of a labor dispute within the meaning of subdivision 10 of section 876-a of the Civil Practice Act. The defendant union is a labor union engaged in the same industry, trade, craft or occupation as are the employees of the plaintiff, and the dispute between it and the plaintiff is a " labor dispute " within the meaning of paragraph (c) of subdivision 10 of section 876-a of the Civil Practice Act, which provides: " The term ' labor dispute ' includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment, or concerning employment relations, or any other controversy arising out of the respective interests of employer and employee, regardless of whether or not the disputants stand in the relation of employer and employee."

As was said in *Exchange Bakery & Restaurant, Inc.*, v. *Rifkin* (245 N. Y. 260, at p. 263): " It [the labor union] may be as interested in the wages of those not members, or in the conditions under which they work as in its own members because of the influence of one upon the other. All engaged in a trade are affected by the prevailing rate of wages. All, by the principle of collective bargaining. Economic organization today is not based on the single shop. Unions believe that wages may be increased, collective bargaining maintained only ·if union conditions prevail, not in some single factory but generally. That they may prevail it may call a strike and picket the premises of an employer with the intent of inducing him to employ only union labor. And it *may adopt either method separately.* Picketing without a strike is no more unlawful than a strike without picketing." (Italics mine.) This expression of our court of last resort, in my opinion, completely answers plaintiff's argument that its employees are not on strike and are satisfied with their conditions.

Since the controversy here involved is a " labor dispute " within the meaning of section 876-a of the Civil Practice Act, no relief may be obtained by the plaintiff unless said section is complied with. (*Hydrox Ice Cream Co., Inc.*, v. " *John Doe*," 159 Misc. 642; affd., 250 App. Div. 770; *Hendricks* v. *Fruchter*, N. Y. L. J. Oct. 6, 1937, p. 1025.) The complaint herein contains no appropriate allegations in compliance with subdivision 4 of said section. Consequently the complaint is legally insufficient.

Plaintiff's motion is accordingly denied without prejudice to renewal after service of an amended complaint, and the defendant's motion granted with leave to the plaintiff to serve an amended complaint within twenty days of the service of the order hereon. Submit order.